# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Trayvon Rafael Hill, ) | |
| ) | |
| Plaintiff, ) | Case No. 0:19-cv-3200-TMC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| Scotty Bodiford; Zachary Day, ) | |
| ) | |
| Defendants. ) | |

On November 12, 2019, Plaintiff Trayvon Rafael Hill ("Hill"), proceeding *pro se*, brought this action under 42 U.S.C. § 1983, asserting claims against Defendants under the Eighth and Fourteenth Amendments based on alleged injuries he suffered in an attack by a fellow prisoner at the Greenville County Detention Center. (ECF No. 1 at 4–7). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

On July 28, 2020, Defendants filed a motion for summary judgment. (ECF No. 51). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (1975), advising Plaintiff of the summary judgment process and the possible consequences—including dismissal of his action—if he failed to submit an

1

adequate or timely response to Defendants' motion. (ECF No. 52). On July 29, 2020, the clerk's office mailed the *Roseboro* order to Plaintiff at the Greenville County Detention Center. (ECF No. 54). The *Roseboro* order was not returned as undeliverable and Plaintiff has not provided the court with a change of address.

Despite having been so advised, Plaintiff did not file a response to Defendants' motion for summary judgment. Accordingly, on September 8, 2020, the magistrate judge entered an order advising Plaintiff that it appeared Plaintiff did not oppose the summary judgment motion and might wish "to abandon this action." (ECF No. 61). The magistrate judge directed Plaintiff to notify the court "whether he wishes to continue with this case and to file a response to the defendants' motion for summary judgment within fourteen (14) days from the date of this order." *Id*. at 1. The magistrate judge warned Plaintiff that if he failed to respond, "this action will be recommended for dismissal with prejudice for failure to prosecute" under Rule 41(b) of the Federal Rules of Civil Procedure. *Id*. at 2. The order was mailed to Plaintiff at the Greenville County Detention Center. (ECF No. 62). As before, the order was not returned as undeliverable.

On September 30, 2020, the magistrate judge issued a Report and Recommendation (the "Report") (ECF No. 65), recommending the case be dismissed without prejudice pursuant to Rule 41(b) based on Plaintiff's failure to prosecute and to comply with the court's directives. The Report also recommended

that any pending motions be terminated. *Id*. at 2. The magistrate judge further advised Plaintiff of his right to file objections to the Report and of the consequences of failing to file adequate or timely objections *Id*. at 3. The Report was mailed the same day to Plaintiff at the Greenville County Detention Center address he had provided the court. (ECF No. 66). The Report was not returned marked as undeliverable.

It is well established that a court has the authority to dismiss a case pursuant to Rule 41(b) for failure to prosecute or failure to comply with orders of the court. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotation marks omitted). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See id.* at 95–96.

Having considered the record in light of the applicable factors, the court concludes that it is appropriate to dismiss this action. Accordingly, the court **ADOPTS** the recommendation of the Report that Plaintiff's case be dismissed for failure to prosecute under Rule 41(b) and for failure to comply with court orders. (ECF No. 65). It is therefore **ORDERED** that Plaintiff's action be **DISMISSED without prejudice** and that any pending motions be **terminated as moot**. The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
October 27, 2020

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.